# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1352 HEA |
| GEORGE M. KNIEST, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner George M. Kniest's "Petition for Federal Removal." Mr. Kniest is joined in his petition by petitioner Timothy Garnett and petitioner Melvin Leroy Tyler. All of the petitioners are currently incarcerated in Jefferson City Correctional Center ("JCCC") in Springfield, Missouri.

## Background

Petitioners bring the present action seeking to remove separate state court criminal actions. Prior to addressing the merits of petitioners' claims, the Court will review each of the petitioner's criminal backgrounds in turn.

**Petitioner George Kniest**

Mr. Kniest wishes to remove *State v. Kniest*, Case No. 01CR612168 (24th Judicial Circuit, St. Francois County). He was charged in that action with assault in the first degree (a felony) and armed criminal action (also a felony), and he pled guilty on January 10, 2002. He was sentenced on September 27, 2002, to two consecutive twenty (20) year terms in the Missouri Department of Corrections. Petitioner filed a timely motion for post-conviction relief. *Kniest v. Missouri*, Case No. 02CV611051 (24th Judicial Circuit, St. Francois County). After granting

relief on one claim, the motion court resentenced petitioner to the original two twenty-year consecutive terms of imprisonment. The Court of Appeals affirmed. *Kniest v. Missouri*, 120 S.W.3d 248, (Mo.Ct.App. 2003). The docket sheet in the criminal action shows that petitioner was resentenced again on April 16, 2004, to the same sentence. *Kniest*, Case No. 01CR612168. Petitioner did not appeal. Petitioner then filed successive Rule 24.035 motions on September 5, 2006 and July 8, 2013. *See Kniest v. Missouri*, Case No. 13SF-CC00141 (24th Judicial Circuit, St. Francois County) (Findings of Fact, Conclusions of Law and J., dated July 17, 2013). Both motions were dismissed as successive. *Id.* Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in this Court on May 4, 2015, which was dismissed as time-barred, on July 9, 2015. *See Kniest v. Cassady*, No. 4:15CV708 JAR (E.D.Mo.2015). The matter is currently on appeal to the Eighth Circuit Court of Appeals.

**Petitioner Timothy Garnett**

Mr. Garnett seeks to remove *State v. Garnett*, Case No. 0722-CR05194-01 (22nd Judicial Circuit, St. Louis City). He was charged in that action with one count of domestic assault in the first degree (felony), two counts of domestic assault in the second degree (felony), and three counts of armed criminal action (felony). Petitioner was tried by a jury and found guilty on all charges and sentenced to a total of forty years' imprisonment. Petitioner appealed and the appellate court reversed petitioner's convictions and sentences for two of the counts of second degree domestic assault and two counts of accompanying charges of armed criminal action. *See State v. Garnett*, 298 S.W.3d 919 (Mo.Ct.App. 2009). In all other respects, the judgment was affirmed. Thus, petitioner was sentenced to forty years' imprisonment in total. After his direct appeal, petitioner filed a post-conviction motion in the trial court. *See Garnett v. State*, Case No. 1022-CC-1634 (22nd Judicial Circuit, St. Louis City). His motion to vacate was denied, as was

his appeal. *See Garnett v. State*, 362 S.W.3d 487 (Mo.Ct.App. 2012). Petitioner filed a motion to recall the mandate, which was denied on December 10, 2013, as was his motion for rehearing and/or transfer to the Missouri Supreme Court. *Id.* Petitioner filed his writ of habeas corpus in this Court on August 7, 2013, and it is currently pending before the Honorable John A. Ross. *See Garnett v. Norman*, 4:13CV1546 JAR (E.D.Mo.).

**Petitioner Melvin Leroy Tyler**

The Court notes that petitioner Tyler has provided the Court with two case numbers he states he wishes to remove from state Court. He claims the case cites are *State v. Tyler*, Case No. 77-232 and *State v. Tyler*, Case No. 1807-Q. In a filing amending the complaint by interlineation, petitioner Tyler also claims that he is attempting to remove state court case *State v. Tyler*, Case No. 77-2020 (W.D.Mo. 1977). The Court has reviewed Missouri.Case.Net and searched Melvin Leroy Tyler's name, as well as the aforementioned file numbers and has been unable to find these case numbers.

Mr. Tyler stated in his petition that his case arose from a case filed in the City of St. Louis, and from his case number it appears that it was filed in 1977. A review of Westlaw reveals the following information.

On August 4, 1978, Melvin Leroy Tyler was convicted on two counts of robbery and two counts of assault in St. Louis City. *See State v. Tyler*, 622 S.W.2d 379 (Mo.Ct. App. 1981). Petitioner Tyler was sentenced to terms of fifty (50) years imprisonment on each count of robbery and five years' imprisonment of each count of assault, all sentences to be served consecutively. After affirmance of his robbery and assault convictions, and denial of a petition for writ of habeas corpus, petitioner filed a second petition for writ of habeas corpus. This Court denied the petition and petitioner appealed. The Eighth Circuit Court of Appeals held that

petitioner abused the writ and denied petitioner's application for writ. *See Tyler v. Armontrout*, 917 F.2d 1138 (8th Cir. 1990). Petitioner later attempted to overturn his conviction and sentence in both federal and state court in a many different ways, and he is well-known to this Court. *See, e.g., Tyler v. Purkett*, 26 F.3d 127 (8th Cir. 1994); *Tyler v. State*, 18 S.W.3d 117 (Mo.Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo.Ct.App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo.Ct.App. 2003); *Tyler v. State*, 229 S.W.3d (Mo.Ct.App. 2007); *Tyler v. State*, 292 S.W.3d 338 (May 12, 2009); *Tyler v. Crawford*, Case No. 4:08CV116 MLM, 2008 WL 596218, *1 (E.D. Mo. March 4, 2008).[1]

Because there is no statutory basis for plaintiff to remove the state prosecution to federal court, these matters will be summarily remanded to the Courts from whence they came.[2]

## Discussion

Petitioners attempt to remove the aforementioned criminal cases to federal court, although they haven't articulated the bases for doing so.

Usually, cases that are not between diverse parties,[3] are brought in federal Court pursuant to one of three statutes: 28 U.S.C. §§ 1331, 1443, and 1455. As explained below,

---

[1] Petitioner Tyler was also convicted in Platte County Circuit Court in 1977 of robbery in the first degree, rape, kidnapping and armed criminal action. *See State v. Tyler*, 587 S.W.2d 918 (Mo.Ct.App. 1979). His conviction and sentence was affirmed on appeal. *Id.* And the dismissal of his federal writ of habeas corpus for failure to exhaust his state remedies was also affirmed. *See Tyler v. Wyrick*, 730 F.2d 1209 (8th Cir. 1984). Petitioner continued to later pursue his post-conviction remedies in state court, to no avail. *See Tyler v. State*, 794 S.W.2d 252 (Mo.Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo.Ct.App. 1997); *Tyler v. State*, 994 S.W.2d 50 (1999); *Tyler v. State*, 348 S.W.3d 149 (2011). And he sought permission to file a successive habeas from the Eighth Circuit Court of Appeals, which was granted, but his habeas petition was ultimately denied. *See Tyler v. Purkett*, 413 F.3d 696 (8th Cir. 2005).

[2] It is unclear to the Court if these matters were actually "removed" from the state courts by the petitioners in these actions, as technically each of these actions are closed in the state courts below. Nevertheless, the Court will notify the state courts designated by petitioners that it has no interest in disrupting their jurisdiction over the criminal matters currently before them.

[3] 28 U.S.C. § 1332 governs cases where the matter in controversy exceeds the sum or value of

however, none of those provisions—or, for that matter, any other federal statute—provides a basis for removal of the articulated state-court proceedings.

Section 28 U.S.C. § 1331 cannot be the basis for removal of a case from state court, as this statute can only be used to initiate original civil actions in federal court. It cannot be used for removal of criminal actions from state court.[4] Similarly, 28 U.S.C. § 1445 does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court. *See* 28 U.S.C. § 1445.

That said, the Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of the fully litigated matters articulated by petitioners.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Nothing in the petition or any of the other documents filed by petitioners indicates that petitioners are federal officers or otherwise meet the requirements of § 1442. Petitioners have not sought to invoke § 1442, and there is no reason to believe that petitioners could have successfully invoked § 1442 if they had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by petitioners that they are members of the United States armed

---

$75,000 and is between citizens of different states or subjects of a foreign state.
[4] 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

forces or that they were acting under color of their status as a member of the armed forces. Petitioners therefore cannot invoke (and have **not** tried to invoke) § 1442a.

Third, § 1443 states of Title 28 states, in relevant part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law

"Removal jurisdiction under § 1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D.Minn. Dec. 11, 2012) (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966)). In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted).

Petitioners fail to satisfy either prong of this test. Although petitioners generally allege that their constitutional rights are being violated in state court, they have failed to point to anything to indicate that the State of Missouri has violated their rights on account of their race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1). *Id.*

With respect to the second prong, there are no allegations offered by petitioners from which the Court could conclude that the state courts cannot vindicate their federal constitutional rights. As such, petitioners may not invoke § 1443(1) as a basis for removing their state cases to federal court.

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood,* 384 U.S. at 824. As noted above, there is no indication from the documents filed by petitioners that any one of them is a federal officer or agent. Nor is there any indication that petitioners were executing duties under federal law providing for equal civil rights. Petitioners therefore cannot remove the criminal proceedings under § 1443(2), either.

Finally, even if there were a statute providing for the removal of this prosecution to federal court (and there is not), it does not appear that petitioners have adequately followed the procedures for removal. Under § 1455(b)(2),

> (b) Requirements.─(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
>> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

The trial docket maintained in the cases cited by petitioners seems to indicate that each one of them was arraigned many years ago. Yet, they did not file their notice of removal until

August 28, 2015. Further, petitioners have failed to suggest "good cause" for why their notice of removal was filed years too late.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands these matters to the Courts from whence they came.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Courts from whence petitioners removed said actions. See *State v. Kniest*, Case No. 01CR612168 (24th Judicial Circuit, St. Francois County); *State v. Garnett,* Case No. 0722-CR05194-01 (22nd Judicial Circuit, St. Louis City); and *State v. Tyler*, Case Nos. 77-232 and 1807-Q.

**T IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Francois County Court, with reference to *State v. Kniest*, Case No. 01CR612168 (24th Judicial Circuit, St. Francois County).

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Louis City Court with reference to *State v. Garnett,* Case No. 0722-CR05194-01 (22nd Judicial Circuit, St. Louis City).

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Louis City Court with reference to *State v.Tyler,* Case Nos. 77-232 and 1807-Q. (22nd Judicial Circuit, St. Louis City).

**IT IS FURTHER ORDERED** that petitioners' motion for appointment of counsel is **DENIED AS MOOT**.

Dated this 22nd day of September, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE